# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JERRY AVERY,                                                                                    PLAINTIFF
REG. #23853-057

## 2:20CV00169-LPR-JTK

DEWAYNE HENDRIX, et al.                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   Introduction**

Plaintiff Jerry Avery is a federal inmate who filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), based on an incident which occurred in May 2020 during his incarceration at the Federal Correctional Institution (FCI), Forrest City, Arkansas. (Doc. No. 1) His allegations against Defendant Hendrix were dismissed on October 5, 2020. (Doc. No. 8)

This matter is before the Court on remaining Defendant Wingo's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 15-17). When Plaintiff failed to timely respond, this Court directed him on December 12, 2020 to respond within fifteen days of the date of the Order. (Doc. No. 20) The Court further warned Plaintiff that failure to respond would result in all of the facts set forth in Defendant's summary judgment papers being deemed admitted by him, or the dismissal of the action without prejudice for failure to prosecute. (Id.)

Plaintiff then requested an extension of time to respond (Doc. No. 22), and by Order dated January 5, 2021, the Court granted his Motion and directed him to file his response within thirty days of the date of the Order. (Doc. No. 23) As of this date, however, Plaintiff has not responded.

## II.     Complaint

Plaintiff alleged he underwent surgery on his left knee and quad muscle on April 27, 2020, and the doctor instructed that Defendant Wingo keep his dressing changed until his next checkup. (Doc. No. 1, p. 2) However, as of May 13, 2020 when his staples were removed from his knee, he still had not been seen by Defendant Wingo. (Id.) When his knee then became infected, he filed a sick call request on May 26, 2020 to notify Wingo of his situation. (Id.) Wingo saw him on May 27, 2020 and gave him an antibiotic shot and some antibiotic pills. (Id., p. 3) Wingo summoned the doctor to examine Plaintiff and the doctor said he wanted to see him the next day. (Id.) However, Wingo disregarded that and did not call Plaintiff back until May 29, 2020, when he received an antibiotic prescription. (Id.) Wingo also failed to timely provide him with a prescription for Metformin and a knee brace; therefore, Plaintiff's knee did not properly heal. (Id., pp. 4-5) Plaintiff claimed Wingo violated his constitutional rights when she acted with deliberate indifference to his serious medical needs. (Id., p. 5)

## III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

Initially the Court agrees with Defendant that Plaintiff's monetary claims against her in her official capacity should be dismissed pursuant to sovereign immunity. A lawsuit against a government official in his/her official capacity is equivalent to a suit "'against an entity of which an officer is an agent.'" Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (quoting Monell v. Dep't of Social Services, 436 U.S. 658, 690 n. 55 (1978). Therefore, "the real party in interest in an official-capacity suit is the governmental entity and not the named official,…" Hafer v. Melo, 502, U.S.21, 25 (1991). Sovereign immunity bars claims against officials in their official capacity unless Congress expresses a waiver. Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993) And,

a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity." Buford v. Runyon, 160 F3d 1199, 1204 (8th Cir. 1998)

Next, the Court finds that Plaintiff's monetary claims against Defendant in her individual capacity should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to Declaration of Bridgette Bass, Associate Warden's Secretary at FCI, Forrest City, the three-step federal administrative remedy process is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Doc. No. 17-1, pp.2-3) Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons (BOP), via a BP-11 form (Id.) The BOP does not retain copies of rejected administrative remedy requests or appeals, and according to the BOP records, Plaintiff filed only two administrative remedy requests which were prior to and unrelated to the incidents at issue in this case. (Id., pp. 4-5, 12-13) Therefore, because Plaintiff did not file and exhaust an administrative remedy with respect to his present allegations against Defendant Wingo, his case should be dismissed.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this

case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP-11 form.  In <u>Booth v. Churner</u>, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, in <u>Chelette v. Harris</u>, the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.2d 684, 688 (8th Cir. 2000). In <u>Chelette</u>, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." <u>Id</u>. Therefore, the Court concluded that the statute clearly requires exhaustion. In <u>Johnson v. Jones</u>, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones v. Bock</u>, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

It is clear from the records and Declaration presented by the Defendant, that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against Defendant Wingo. Therefore, the Court finds that Defendant's Motion

should be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED, that Defendant's Motion for Summary Judgment (Doc. No. 15) be GRANTED, and this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 10th day of February, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE